IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JORGE D. GOMEZ | § | |
| VS. | § | CIVIL ACTION NO. 1:17-CV-271 |
| WARDEN, FCI BEAUMONT | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Jorge D. Gomez, an inmate confined at FCC Beaumont, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to the Honorable Keith Giblin United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition for writ of habeas corpus be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleading. Petitioner filed objections to the Report and Recommendation of United States Magistrate Judge. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court finds petitioner's objections lacking in merit. As outlined by the Magistrate Judge, the Supreme Court has not expressly held that *Mathis* applies retroactively to cases on collateral review. *Mathis v. United States*, 136 S.Ct. 2243 (2016). Furthermore, the Fifth Circuit's decisions in *Hinkle* and *Tanksley* do not compel a different result as the court applied *Mathis* on direct appeal, not collateral review. *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016); *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017). Moreover, *Hinkle* and *Tanksley* were decided by the Fifth Circuit Court of Appeals and not by the Supreme Court.

Finally, petitioner challenges a sentencing enhancement. Thus, petitioner's challenge does not suggest that he was convicted of a nonexistent offense. *See In re Bradford v. Tamez*, 660 F.3d

226, 230 (5th Cir. 2011) ("a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, is not the type of claim that warrants review under § 2241); *Padilla v. United States*, 16 F.3d 424, 427 (5th Cir. 2005); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000). This Court is bound by Fifth Circuit Court precedent and petitioner's objections lack merit.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A Final Judgment will be entered in accordance with the recommendations of the Magistrate Judge.

**SIGNED** this the 26 day of **October, 2018.**

_____
Thad Heartfield
United States District Judge